```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

MARSHA A. TYLER,                  )
                                  )
            Plaintiff,            )
                                  )
    v.                            )      No.  11 C 9262
                                  )
COMPREHENSIVE HEALTH MANAGEMENT   )
INC.,                             )
                                  )
            Defendant.            )
```

<u>MEMORANDUM ORDER</u>

Pro se plaintiff Marsha Tyler ("Tyler") has paid the filing fee in her employment discrimination action against her former employer Comprehensive Health Management Inc. ("Comprehensive"), and she has also confirmed her willingness to pay the fee needed to obtain service on Comprehensive, which her Complaint lists as located in Tampa, Florida. In that respect Tyler seeks a directive from this Court that service of process be handled by the United States Marshal.

That request reflects a misunderstanding on Tyler's part as to the service of process in federal cases. Fed. R. Civ. P. ("Rule") 4(c)(3) does require courts to order service by the United States Marshal or a deputy marshal if a plaintiff is proceeding in forma pauperis, while it permits but does not require the issuance of such an order in other cases. But the limited staffing in the Marshal's office, coupled with the many mandatory responsibilities imposed on federal marshals, has essentially taken them out of the business of service of process

except in the in forma pauperis situation.

Instead Rule 4(c)(2) permits anyone "who is at least 18 years old and not a party" to serve the summons and Complaint. Moreover, the fact that Tyler was employed by Comprehensive at 200 West Adams Street in Chicago (Complaint ¶4) would appear to indicate that Comprehensive must be registered to do business here, in which event service on its registered agent (or perhaps someone at its Chicago location who is authorized to accept service) would pose a far less burdensome alternative for obtaining service.

Finally, this District Court maintains a Help Desk to assist pro se litigants. If Tyler wishes assistance on the subject of service of process, she would do well to consult that Help Desk service (312-435-5691).

In sum, Tyler's request is denied. But as this Court has sought to make clear here, that denial should pose no problems for her.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 17, 2012