IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARSHA A. TYLER,                    )
                                    )
        Plaintiff,                  )
                                    )
   v.                               )   No.  11 C 9262
                                    )
COMPREHENSIVE HEALTH MANAGEMENT     )
INC.,                               )
                                    )
        Defendant.                  )

MEMORANDUM OPINION AND ORDER

Comprehensive Health Management Inc. ("Comprehensive") has moved to dismiss part (although not all) of the employment discrimination Complaint that had been filed pro se by its ex-employee Marsha Tyler ("Tyler")[1]: the box checked in Complaint ¶12(f) that asserted Comprehensive had "failed to stop harassment" and the box checked in Complaint ¶12(g) that said Comprehensive had "retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above." To that end Comprehensive points to Tyler's Charge of Discrimination filed with the EEOC that was limited to asserted disability-based discrimination in violation of the Americans With Disabilities Act. Comprehensive's motion has been fully briefed and is ripe

---

[1] Tyler had employed the Complaint of Employment Discrimination form made available by the Clerk's Office for use by unrepresented litigants. This Court then granted Tyler's motion for the appointment of counsel, drawing on this District Court's trial bar for that purpose.

for decision.[2]

There is no question that the claim of retaliation omitted from an ex-employee's administrative charge (so that the asserted retaliation had to have taken place <u>before</u> the charge was filed) is barred by a failure-to-exhaust contention (<u>McKenzie v. Ill. Dep't of Transp.</u>, 92 F.3d 473, 482-83 (7th Cir. 1996)). And the same is true as to an omitted charge of harassment (<u>Vela v. Vill. of Sauk Vill.</u>, 218 F.3d 661, 664-65 (7th Cir. 2000); <u>Rush v. McDonald's Corp.</u>, 966 F.2d 1104, 1111-12 (7th Cir. 1992)). Hence Comprehensive's partial motion to dismiss is granted, so that those two theories are not assertable as independent predicates for relief in this action.

But the scope of this ruling must not be misunderstood. Because discriminatory intent is a necessary component of Tyler's discrimination claim, <u>evidence</u> of such things as deliberate harassment and retaliation may well be admissible at trial. That is of course a matter that remains for the future.

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: July 23, 2012

---

[2] No space will be devoted here to the assertion by Tyler of waiver (or more accurately forfeiture) of Comprehensive's failure-to-exhaust-administrative-remedies defense. That argument is patently unfounded.